# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JOHN WILSON,<br><br>Plaintiff,<br><br>v.<br><br>TUOLUMNE COUNTY, *et al.*,<br><br>Defendants. | Case No. 1:19-cv-01132-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS<br><br>(ECF Nos. 13, 14, 17, 19) |

Plaintiff Christopher John Wilson ("Plaintiff") is a county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint has not yet been screened.

Currently before the Court are a series of miscellaneous motions Plaintiff has filed in this action. On October 15, 2019, Plaintiff filed a "'Motion' to Notify Courts" where he requests that the Court notify the Tuolumne County Superior Court that he has a pending federal lawsuit. (ECF No. 13.) On October 18, 2019, Plaintiff filed a "HAND Written Motion" seeking to add a handwritten statement to his case. (ECF No. 14.) The statement generally appears to set forth substantive allegations regarding the underlying claims in this action. (Id.) On December 23, 2019, Plaintiff filed another "Hand Written Motion" seeking to add another handwritten statement to his case, including copies of what appear to be x-rays of Plaintiff's hand. (ECF No. 17.) Finally, on March 24, 2020, Plaintiff filed a "Motion to Suppress Evidence" that again seeks to "add" certain handwritten statements and copies of documents and x-rays to this action. (ECF No. 19.)

Aside from Plaintiff's request that the Court notify the Tuolumne County Superior Court of the pendency of this suit, the Court construes all of Plaintiff's motions as requests for judicial

1

1 | notice, or requests for the Court to retain evidence.  The requests are denied, as discussed below.

2 | With respect to Plaintiff's request for notification to the Tuolumne County Superior Court, the Court declines to issue such a notification.  This action is a matter of public record, and Plaintiff may inform the Tuolumne County Superior Court of the case's existence and provide the court with the case number and copies of any orders issued by this Court or a copy of the docket in this action, at any time.

As to Plaintiff's request that the Court "add" evidence to this action, Plaintiff is informed that the Court cannot serve as storage for the parties' evidence.  Parties may not file evidence with the Court until the course of litigation brings the evidence into question, for example, when filed in support of a specific motion.  If Plaintiff continues to file evidence unrelated to a motion that is before the Court, Plaintiff's filing may be stricken and/or returned to him without further notice.

Viewing Plaintiff's filings liberally, it appears to the Court that Plaintiff might be seeking judicial notice of the documents and allegations contained therein.  However, these filings do not contain the types of adjudicative facts that are judicially noticeable.[1]  In addition, these filings do not request any particular form of relief—aside from the request to add the contents as evidence in this action—and do not explain the significance of any of the attached documents or handwritten statements.

Accordingly, Plaintiff's miscellaneous motions, (ECF Nos. 13, 14, 17, 19) are HEREBY DENIED.

IT IS SO ORDERED.

    Dated: **June 24, 2020**         /s/ *Barbara A. McAuliffe*
                                                             UNITED STATES MAGISTRATE JUDGE

---

[1] Rule 201(b) of the Federal Rules of Evidence provides that a court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Civ. 201(b).