# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JOHN WILSON,<br><br>Plaintiff,<br><br>v.<br><br>TUOLUMNE COUNTY, et al.,<br><br>Defendants. | Case No. 1:19-cv-1132-BAM (PC)<br><br>ORDER DIRECTING CLERK OF THE COURT TO ADMINISTRATIVELY REDESIGNATE CASE AS A 440 CIVIL ACTION<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 27)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Christopher John Wilson ("Plaintiff") is a pretrial detainee proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983.[1] Plaintiff's complaint, filed on August 19, 2019, was screened and Plaintiff was granted leave to amend. Plaintiff's first amended complaint, filed on March 8, 2021, is currently before the Court for screening. (ECF No. 27.)

---

[1] While, the complaint is unclear whether Plaintiff is a pretrial detainee or a convicted prisoner, it appears that Plaintiff has now been convicted based upon his address. But at the time of the allegations in the complaint, the Plaintiff was a pretrial detainee.

1

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the North Kern State Prison. The events in the complaint are alleged to have occurred in the City of Sonora, in the County of Tuolumne. Plaintiff names the following defendants: (1) Sgt. Curtis Hankins, Sonora Police Department, (2) Officer Lance Durham, Sonora Police Department, (3) Dr. Son, County Jail.[2]

Much of Plaintiff's first amended complaint includes a recitation of conclusory statements based on legal authorities without stating many factual allegations.[3] As best the Court can weed

---

[2] Plaintiff states that the Tuolumne County Jail is now known as the Dambacher Detention Center.

[3] For instance, the first allegation of the first amended complaint consists of one long paragraph spanning a full

1  through the legal recitals, in claim 1, Plaintiff alleges as follows. On June 9, 2019, Defendant
2  Hankins and Defendant Durham each placed mechanical restraints on Plaintiff with so much force
3  to cause great bodily harm which left a permanent scar for the rest of his life on his left wrist.  They
4  denied Plaintiff's right to freedom of movement. Plaintiff was placed in the back of the patrol car
5  and transported to the Tuolumne County Jail and denied freedom of movement.  Plaintiff alleges
6  that the Sonora Police Department, Sherriff of Tuolumne County and the Academy failed to train
7  officers Defendant Hankins and Durham properly.

8        Plaintiff alleges while he was incarcerated, he suffered with cruel and unusual punishment
9  due to a leaky shower that was continually leaking.  It was brought to the attention of staff officers
10 and maintenance and they neglected to fix it.  One day, walking into the shower, Plaintiff slipped
11 and fell and broke his right hand. The next day, Plaintiff had x-rays done.  He was denied medical
12 treatment by Dr. Son and his medical staff.  For 31 days, Plaintiff suffered in that medical staff
13 never wrapped his hand and he was not transported for care or the hospital. Plaintiff was placed in
14 mechanical restraints during this time.  When Plaintiff was transferred after 31 days to Dr.
15 McDonald's office, the doctor said that even if he would perform surgery, Plaintiff's hand would
16 not be the same due to the 31 days the Plaintiff was not sent for treatment.  Plaintiff told Dr.
17 McDonald to try the surgery and Plaintiff is now partially and permanently disabled.  Plaintiff says
18 this all started with Defendant Hankins and Durham's excessive force.

19       In claim 2, Plaintiff alleges officers Hankins and Durham "went after" Plaintiff due to race
20 discrimination and criminal history in violation of equal protection as Plaintiff is Native Indian.
21 Plaintiff alleges that on June 9, 2019, without a complete and thorough investigation, Defendants
22 Hankins and Durham, placed mechanical restraints on Plaintiff with so much force as to injure
23 Plaintiff.

24       In claim 3, Plaintiff alleges deliberate indifference against Dr. Son and his medical staff. In
25 addition to the above allegations about his broke hand, he said he kept complaining but Dr. Son

---

handwritten page. An excerpt of the conclusory legal recitals includes: Both officers Mr. Curtis Hankins and officer Mr. Lance Durham have the duty to uphold, preserve, protect, and defend the United States Oath to the Constitution due to the officer Mr. Curtis Hankins and Officer Mr. Lance Durham's egregious unprofessional conduct their dishonesty of professional conduct and deceit with moving force under government misconduct completed failed their duties under the fair and equal protection rights . . . (ECF No. 27, p.4) (modified text).

kept disregarding that his hand was broke.

Plaintiff seeks nominal, compensatory and punitive damages, injunctive and declaratory relief.

**III.    Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8, 18 and 20 and fails to state a cognizable claim under 42 U.S.C. § 1983.

**A.  Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Although Plaintiff's complaint is relatively short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly state what happened, when it happened or who was involved. Plaintiff's allegations must be based on facts as to what happened and not conclusions. Rather, it includes almost exclusively legal recitals of elements of causes of actions. Plaintiff has been unable to cure this deficiency.

**B.  Federal Rule of Civil Procedure 18 and 20**

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Mackey v. Price*, 2020 WL 7319420, at *3–4 (E.D. Cal. Dec. 11, 2020), report and recommendation adopted, 2021 WL 843462 (E.D. Cal. Mar. 5, 2021). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348,

1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

To the extent the Court can understand Plaintiff's claims, they are unrelated. Plaintiff may not bring allegations regarding pre-arrest excessive force by Defendants Hankins and Durham with a claim possibly about conditions of confinement or with one about medical care against Dr. Son during confinement. Unrelated actions belong in separate cases. As Plaintiff is attempting to bring multiple claims that arose from different and unrelated occurrences, his complaint violates Federal Rules of Civil Procedure 18 and 20.

### C. Municipal Liability

It appears as though Plaintiff is attempting to seek liability against the City of Sonora or Tuolumne County, because he is suing the officers both in their individual and "official" capacities. These allegations are insufficient. Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice ... was the 'moving force' behind the constitutional violation ... suffered." *Galen v. Cty. of Los Angeles,* 477 F.3d 652, 667 (9th Cir. 2007); *City of Canton, Ohio, v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff does not allege facts to support a claim that any alleged constitutional violation was the result of a deliberate policy, custom or practice instituted by either City of Sonora or Tuolumne County. Further, these governmental entities are not named as Defendants. Plaintiff has been unable to cure this deficiency.

### D. Failure to Investigate

Plaintiff makes some vague allegation that Defendant Hankins and Durham failed to investigate based on his race. To the extent Plaintiff is dissatisfied with the extent or outcome of an investigation, that is also not a basis for a plausible due process claim. *Baker v. Beam,* 2019 WL 1455321, at *6 (E.D. Cal. 2019). To the degree Plaintiff is trying to hold the individuals or others liable for an independent, unspecified constitutional violation based upon an allegedly inadequate

5

investigation, there is no such claim. See *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); *Page v. Stanley*, 2013 WL 2456798, at *8–9 (C.D. Cal. June 5, 2013) (dismissing Section 1983 claim alleging that officers failed to conduct thorough investigation of plaintiff's complaints because plaintiff "had no constitutional right to any investigation of his citizen's complaint, much less a 'thorough' investigation or a particular outcome"); *see Gil v. Doe*, 2019 WL 3034821, at *8 (E.D. Cal. July 11, 2019), report and recommendation adopted, 2019 WL 5079543 (E.D. Cal. Oct. 10, 2019).

### E. Excessive Force

A claim of excessive force in the context of an arrest or investigatory stop implicates the Fourth Amendment right to be free from "unreasonable ... seizures." U.S. Const. amend. IV; see *Graham v. Connor*, 490 U.S. 386, 394 (1989). Courts analyze claims of excessive force under an "objective reasonableness" standard. *Bryan v. MacPherson*, 630 F.3d 805, 817 (9th Cir. 2010) (citing Graham, 490 U.S. at 395). "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (citations and internal quotation marks omitted).

A court must "first assess the quantum of force used to arrest the plaintiff by considering the type and amount of force inflicted." *Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003) (internal quotation marks and brackets omitted). Second, a court balances the government's countervailing interests. This involves considering "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. Using these factors, a court must determine "whether the force employed was greater than is reasonable under the circumstances." *Drummond*, 343 F.3d at 1058.

Liberally construing the allegations in the first amended complaint, Plaintiff alleges a claim for excessive force against Defendants Hankins and Durham for the handcuffing incident on June

9, 2019.

### F. Unlawful Arrest

A claim of unlawful arrest is cognizable under § 1983 for violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the complaint alleges that the arrest was without probable cause or other justification. See *Pierson v. Ray*, 386 U.S. 547, 555-558 (1967); *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 n.1. (9th Cir. 2015) (absence of probable cause is essential element of § 1983 false arrest claim). And a claim of unlawful detention/imprisonment is cognizable under § 1983 for violation of the Fourteenth Amendment's guarantee of due process if the arrest was without probable cause or other justification and the defendant knew or should have known that plaintiff was entitled to release. See *Baker v. McCollan*, 443 U.S. 137, 142-145 (1979); *Lee v. County of Los Angeles*, 250 F.3d 668, 684-85 (9th Cir. 2001) (plaintiff stated due process claim where police allegedly arrested plaintiff's son without probable cause, detained him without verifying that he was the person for whom police had an arrest warrant, despite his obvious mental incapacity, and detained him for one day before extradition hearing, which led to his incarceration in another state for two years).

Plaintiff fails to allege any facts surrounding his detention and arrest and whether the officers had probable cause to arrest Plaintiff.  Plaintiff has been unable to cure this deficiency.

### G. Equal Protection Claim

The Fourteenth Amendment's Equal Protection Clause requires only that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432, 439 (1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008).

The Constitution does not require individuals who are, in fact, differently situated, to be treated equally under the law. *Michael M. v. Superior Court of Sonoma County*, 450 U.S. 464, 469 (1981) (citations omitted); *Klinger v. Department of Corrections*, 31 F.3d 727, 731 (8th Cir. 1994) ("Dissimilar treatment of dissimilarly situated persons does not violate equal protection). Thus, absent threshold allegations that Plaintiff is similarly situated to others who allegedly receive what

1  he perceives as more favorable treatment, he fails to state a plausible equal protection claim. See
2  *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere
3  conclusory statements, do not suffice.") "The Equal Protection Clause does not forbid
4  classifications. It simply keeps governmental decisionmakers from treating differently persons who
5  are in all relevant respects alike." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992); *Hernandez v. Cate*,
6  918 F. Supp. 2d 987, 1005-06 (C.D. Cal. 2013). Thus, to state an Equal Protection claim, Plaintiff
7  must allege that Defendants intentionally discriminated against him based on his membership in a
8  protected class. *Hartmann*, 707 F.3d at 1123; *Furnace,* 705 F.3d at 1030.

9  Here, Plaintiff states that Defendants have violated his right to equal protection under the
10 law. However, Plaintiff has provided no facts to show that he was either discriminated against
11 because he was in a protected class nor that he was treated differently than others similarly situated.
12 Plaintiff speculates, without any factual support, that he was handcuffed because he is Native
13 Indian. Plaintiff's allegations are vague and conclusory. Consequently, he fails to state a cognizable
14 claim.

15 **H. Right to Medical Care**

16 As a pretrial detainee during the relevant time period, Plaintiff's claims concerning his
17 medical care arise under the Fourteenth Amendment's Due Process Clause. See *Bell v. Wolfish*, 441
18 U.S. 520, 535 n.16 (1979). The Ninth Circuit has held that "the proper standard of review" for
19 claims of inadequate medical care for pretrial detainees is "objective indifference." *Gordon v. Cty.*
20 *of Orange*, 888 F.3d 1118, 1120, 1124–25 (9th Cir. 2018) (extending the "objective deliberate
21 indifference standard" articulated in Castro to inadequate medical care); see also *Horton v. City of*
22 *Santa Maria*, 915 F.3d 592, 602 (9th Cir. 2019) (noting that Gordon "recognized that *Castro*'s
23 objective deliberate indifference standard extends to Fourteenth Amendment claims by pretrial
24 detainees for violations of the right to adequate medical care"). The defendants' conduct must be
25 objectively unreasonable, a test that will necessarily "turn[ ] on the facts and circumstances of each
26 particular case." *Gordon*, 888 F.3d at 1125 (quoting *Castro v. Cty. of Los Angeles*, 833 F.3d 1060,
27 1071 (9th Cir. 2016).) " '[M]ere lack of due care by a state official' does not deprive an individual
28 of life, liberty, or property under the Fourteenth Amendment." *Gordon*, 888 F.3d at 1125.

Therefore, the plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." Id.

Plaintiff may be able to state a claim for violation of the Fourteenth Amendment's Due Process clause. But the claim against Dr. Son, and his unnamed medical staff, is improperly joined in this action. His claim for lack of proper medical care, while incarcerated, does not arise out of the pre-arrest handcuffing incident involving Defendants Hankins and Durham. Therefore, any claim against Dr. Son, and his unnamed medical staff, must be brought in a separate case.

### I. Conditions of Confinement

Deliberate indifference claims by state pretrial detainees "properly rel[y] on the Due Process Clause [of the Fourteenth Amendment] rather than the Eighth Amendment .... Due process requires that a pretrial detainee not be punished." *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); see also *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) ("Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause."), cert. denied, 137 S. Ct. 831 (2017). A pretrial detainee claiming deliberate indifference, under the Due Process Clause of the Fourteenth Amendment, must allege the following: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. *Castro*, 833 F.3d at 1071. Eighth Amendment claims provide guidance under the Fourteenth Amendment. For a claim proceeding under the Eighth Amendment, "slippery prison floors...do not state even an arguable claim for cruel and unusual punishment." *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (quotation omitted). Indeed, federal courts have repeatedly rejected Eighth Amendment slip and fall claims. *See Oubichon v. Carey*, 2017 WL 2162940, at *8 (E.D. Cal. May 17, 2017) (citing *Coleman v. Sweetin*, 745 F.3d 756, 764 & n.7 (5th Cir. 2014) (collecting cases); *Pyles v. Fahim*, 771 F.3d 403,

410 & n.25 (7th Cir. 2014) (collecting cases) ("Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement.")); *see also Collier v. Garcia*, 2018 WL 659014, at *2 (N.D. Cal. Jan. 31, 2018) (dismissing § 1983 claim alleging prisoner slipped and fell in his cell in a puddle of water from a leaking chase); *Aaronian v. Fresno Cty. Jail*, 2010 WL 5232969, at *2–*3 (E.D. Cal. 2010) (dismissing § 1983 claim that plumbing leak caused puddle, resulting in plaintiff's slip and fall, as not cognizable); *Gilman v. Woodford*, 2006 WL 1049739 (E.D. Cal. April 20, 2006) (granting qualified immunity to defendants when prisoner slipped and fell in puddle of water resulting from leaky roof known to defendants), aff'd by 2008 WL 686740 (9th Cir. March 12, 2008) (unpublished memorandum disposition).

Plaintiff's conclusory allegations about a slippery floor fail to state a cognizable claim against any named defendant. Moreover, this claim is improperly joined with the claim for excessive force against Defendant Hankins and Durham in violation of Rules 18 and 20.

**J. Declaratory Relief**

In addition to monetary damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985).

In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

**K. Injunctive Relief**

Plaintiff seeks injunctive relief in this action. Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v.*

*Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc*., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.*

Here, the only cognizable claim is that of excessive force in handcuffing. Plaintiff does not state the kind of injunctive relief which might remedy the harm. Where monetary damages are sufficient, injunctive relief is unnecessary. See *Los Angeles Memorial Coliseum Comm'n v. NFL,* 634 F.2d 1197, 1202 (9th Cir. 1980) (monetary harm alone does not constitute irreparable harm). Therefore, based on the nature of the claims at issue in this action, Plaintiff is not entitled to injunctive relief and is confined to seeking money damages for the violations of his federal rights.

### K.  State Law Claims

Violation of state tort law, state regulations, rules and policies of the jail, or other state law is not sufficient to state a claim for relief under § 1983. Section 1983 does not provide a cause of action for violations of state law. *See Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007). To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. *See Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); also see *Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995); *Gonzaga University v. Doe*, 536 U.S. 273, 279, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002).

The Government Claims Act requires exhaustion of Plaintiff's state law tort claims with the California Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint. *Shirk v. Vista Unified Sch. Dist*., 42 Cal. 4th 201, 208–09 (Cal. 2007); *State v. Superior Court of Kings Cty. (Bodde),* 32 Cal. 4th 1234, 1239 (Cal. 2004); *Mabe v. San Bernardino Cty. Dep't of Pub. Soc. Servs.,* 237 F.3d 1101, 1111 (9th Cir. 2001); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995); *Karim– Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff has failed to allege compliance with the Government Claims Act.

### IV.  Conclusion and Recommendation

Upon further review by the Court, it has been determined that the present action is a regular civil action and does not involve a prisoner or detainee litigating the conditions of his

1   confinement. The Clerk of the Court shall re-designate this action as a civil action with nature of
2   suit 440; and shall designate the case number in this action as follows: Case No. 1:19-cv-1132,
3   and with the appropriate judge designation upon assignment.
4       Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a
5   district judge to this action.
6       Based on the above, the Court finds that Plaintiff's first amended complaint states a
7   cognizable claim against Sgt. Curtis Hankins, Sonora Police Department, and Officer Lance
8   Durham, Sonora Police Department for excessive force for the handcuffing incident on June 9,
9   2019, in violation of the Fourth Amendment, but fails to state any cognizable claim against any
10  other Defendant.
11      Despite being provided with the relevant pleading and legal standards, Plaintiff has been
12  unable to cure the remaining deficiencies and further leave to amend is not warranted. *Lopez v.*
13  *Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff also joins claims in violation of Rules 18 and
14  20.
15      For the reasons stated above, IT IS HEREBY RECOMMENDED as follows:
16  1.  This action proceed on Plaintiff's first amended complaint, filed on March 8, 2021,
17      against Sgt. Curtis Hankins, Sonora Police Department, and Officer Lance Durham,
18      Sonora Police Department for excessive force for the handcuffing incident on June 9,
19      2019, in violation of the Fourth Amendment;
20  2.  Plaintiff's requested remedies of injunctive relief and declaratory relief be dismissed
21      from this case; and
22  3.  All other claims and defendants be dismissed from this action, without prejudice, based
23      on Plaintiff's failure to state claims upon which relief may be granted.
24      These Findings and Recommendation will be submitted to the United States District Judge
25  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14)
26  days after being served with these Findings and Recommendation, Plaintiff may file written
27  objections with the Court. The document should be captioned "Objections to Magistrate Judge's
28  Findings and Recommendation." Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

| Dated: | **March 23, 2021** | /s/ *Barbara A. McAuliffe* |
|---|---|---|
| | | UNITED STATES MAGISTRATE JUDGE |