UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JOHN WILSON,<br><br>    Plaintiff,<br><br>  v.<br><br>TUOLUMNE COUNTY, et al.,<br><br>    Defendants. | Case No.: 1:19-cv-01132-NONE-BAM<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT HANKINS SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE<br>(Doc. 39)<br><br>THIRTY-DAY DEADLINE |

**I. Introduction**

Plaintiff Christopher John Wilson ("Plaintiff"), a state prisoner proceeding pro se and *in forma pauperis*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on August 19, 2019. This action proceeds on Plaintiff's first amended complaint, filed on March 8, 2021, against Sgt. Curtis Hankins and Officer Lance Durham for excessive force in violation of the Fourth Amendment in connection with an alleged handcuffing incident of June 9, 2019. (Doc. 27.)

**II. Service by the United States Marshal**

On September 30, 2021, the Court issued an order directing the United States Marshal to initiate service of process in this action upon Defendants Sgts. Curtis Hankins (Sonora Police Department) and Officer Lance Durham (Sonora Police Department). (Doc. 38.) Defendant Durham returned a waiver of service, which was filed on October 14, 2021. (Doc. 40.) However, on

September 13, 2021, the United States Marshal filed a return of service unexecuted as to Defendant Hankins. (Doc. 39.)

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). A pro se litigant proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint. *See*, *e.g.*, *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). Accordingly, delays or failures to effectuate service attributable to the Marshal are "automatically good cause within the meaning of Rule 4[m]." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995) (citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

Here, the Marshal attempted to serve Defendant Hankins at an address provided by Plaintiff for the Sonora Police Department. However, the Marshal was informed that "there is no Curtis Hankins at Sonora Police Dept." (Doc. 39.) To date, Plaintiff has not provided sufficient information to locate Defendant Hankins for service of process. If Plaintiff is unable to provide the Marshal with additional information, Defendant Hankins shall be dismissed from this action without prejudice. Pursuant to Rule 4(m), the court will provide Plaintiff with the opportunity to show cause why Defendant Hankins should not be dismissed from the action at this time. Plaintiff may do so by submitting additional information to effectuate service of the summons and complaint by the Marshal.

///

///

///

### III. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why Defendant Hankins should not be dismissed from this action; and

2. <u>The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Hankins from this action.</u>

IT IS SO ORDERED.

Dated:  **October 15, 2021**        /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE