| | |
|---|---|
| CHRISTOPHER JOHN WILSON,<br><br>    Plaintiff,<br><br>    v.<br><br>TUOLUMNE COUNTY, et al.,<br><br>    Defendants. | Case No.  1:19-cv-01132-JLT-BAM<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR COUNSEL**<br><br>(Doc. 57) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff Christopher John Wilson is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint, filed on March 8, 2021, against Defendants Hankins and Durham for excessive use of force in violation of the Fourth Amendment in connection with the alleged handcuffing incident of June 9, 2029.  Defendants Hankins and Durham have answered the complaint and a scheduling order has issued.  (*See* Docs. 48, 51, 53.)

On February 10, 2022, Plaintiff filed the instant motion requesting that the court appoint him counsel in this action.  (Doc. 57.)  Plaintiff states that he is illiterate, with an eighth-grade education, and has limited understanding.  He also reports that inmates are on a complete lockdown due to an outbreak of COVID-19, with movement only for food, and no access to programs or the law library.  (*Id*.)

1

1      Plaintiff does not have a constitutional right to appointed counsel in this action. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). The court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. §1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

     In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. His limited education and incarceration are not sufficient to make this case exceptional. This court is faced with similar cases almost daily from incarcerated plaintiffs alleging excessive force. Further, at this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits. There also is no indication from the record that Plaintiff is unable to articulate his claims pro se despite his limited education. To the extent Plaintiff may require additional time due to a facility lockdown or limited law library access, he may request extensions of any relevant deadlines. Any such request must be supported by good cause.

     Accordingly, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated: **February 14, 2022**      /s/ *Barbara A. McAuliffe*
                                                          UNITED STATES MAGISTRATE JUDGE